**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

VALINDA CARTER,

    Plaintiff,

vs.                                                   Case No: 3:12-cv-1045-J-UAMHMCR

COLUMBIA COUNTY, BOARD OF
COUNTY COMMISSIONERS and
MARK HUNTER,

    Defendants.

_____/

**ORDER**

**THIS CAUSE** is before the Court on Defendant, Columbia County Board of County Commissioners' Motion to Compel (Doc. 30) filed April 1, 2013. In the Motion, Defendant seeks an Order compelling Plaintiff to provide supplemental Rule 26 disclosures and to provide more complete responses to its requests for production. Plaintiff filed a response in opposition to this motion (Doc. 33) on April 26, 2013. Accordingly, the matter is now ripe for judicial review.

**I. BACKGROUND**

On September 21, 2012, Plaintiff filed the Complaint in this case alleging race discrimination. (Doc. 1). Thereafter, on February 1, 2013, Plaintiff served her initial Rule 26 disclosures on Defendants. On February 18, 2013, Plaintiff served her responses to Defendant's First Set of Interrogatories and First Request for Production. After Defendant pointed out several alleged deficiencies, Plaintiff served supplemental Rule 26 disclosures and supplemental responses to the Interrogatories and Requests

for Production on March 8, 2013.  Defendant alleges these responses are still deficient and despite an email requesting further clarification, Plaintiff has failed to provide adequate Rule 26 disclosures and responses to two requests for production.

On March 14, 2013, counsel for Defendant sent an e-mail to Plaintiff's counsel requesting a working copy of a faulty disc produced by Plaintiff containing discovery materials, however, Plaintiff never produced a working copy of the disc.  Additionally, on March 15, 2013, counsel for Defendant sent another e-mail to Plaintiff's counsel requesting that Plaintiff sign and notarize an authorization form from the Florida Department of Economic Opportunity authorizing release of Plaintiff's Reemployment Assistance files due to Plaintiff's failure to produce all such documents in response to Defendant's Request for Production.  According to Defendant, Plaintiff never responded to this e-mail.

## II.  ANALYSIS

Motions to compel disclosures and other discovery under Rule 37(a) are committed to the sound discretion of the trial court.  Commercial Union Insurance Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984).  The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party.  See Westrope, 730 F.2d at 731.

The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts. See United States v. Proctor & Gamble Co., 356 U.S. 677, 682, 78 S.Ct. 983, 986-87 (1958).  Discovery is intended to operate with minimal judicial supervision unless a

dispute arises and one of the parties files a motion requiring judicial intervention. Furthermore, "[d]iscovery in this district should be practiced with a spirit of cooperation and civility." Middle District Discovery (2001) at 1.

In the instant case, Defendant asserts Plaintiff must provide more detailed damage calculations pursuant to Rule 26. Specifically, Defendant contends Plaintiff has failed to sufficiently "identify the full dollar totals and calculations" for the following categories of damages: (1) past and future pecuniary losses; (2) bodily injury; (3) back pay; (4) front pay; (5) interest on pay; (6) bonuses; (7) other benefits; (8) expense; (9) loss of benefits; (10) illness; (11) lost wages; and (12) other tangible damages. (Doc. 30, p.4). In her response, Plaintiff notes that on April 27, 2013, she provided Defendant with a second supplemental Rule 26 disclosure. In that disclosure and in her response, Plaintiff provided more detailed information regarding her damages for each of these categories except her claim for loss of other benefits, loss of benefits, other tangible damages, and emotional pain and suffering. (Doc. 33).

With respect to her claims for lost benefits, Plaintiff argues she cannot provide more information at this time because she needs to obtain information from the Division of Retirement from the State of Florida. Further, Plaintiff claims she needs to determine the replacement cost for health insurance before she can provide a calculation. The Court will direct Plaintiff to supplement her disclosure with respect to lost benefits. Plaintiff must determine the replacement cost for health insurance and provide a calculation to Defendant on or before **May 17, 2013**. As for her claim for lost retirement benefits, Plaintiff is reminded of her duty to supplement or correct her responses pursuant to Rule 26(a).

As for Plaintiff's claims for other tangible damages, Plaintiff has sufficiently disclosed her damages at this time. Plaintiff has indicated she is concerned she may lose her home to foreclosure. As she has not yet lost her home, she has not yet incurred any other tangible damages. Again, Plaintiff is reminded that should the situation change, she is obligated to supplement or correct her responses pursuant to Rule 26(a).

Finally, with respect to Plaintiff's alleged emotional pain and suffering damages, Plaintiff claims she will not ask the jury for an amount certain and therefore, she cannot calculate an amount. If the Court understands Defendant's motion correctly, Defendant is not asking Plaintiff to calculate the damages she claims for emotional pain and suffering, but rather, she is to disclose whether there are any economic damages associated with the diagnosis and/or treatment of any alleged emotional pain and suffering and if so, to provide a calculation of such. Plaintiff is directed to provide this calculation no later than **May 17, 2013**.

Defendant also alleges Plaintiff failed to properly respond to two of its Requests for Production. In Request for Production number 22, Defendant asked Plaintiff to produce, "[a] copy of all blogs, cell phone text messages, e-mails, electronic chat program conversations and wiki postings that in any way concern your employment with Defendant." (Doc. 30, p.7). Plaintiff responded that she was not aware of any such documents, however, Defendant noted that in response to an Interrogatory, Plaintiff indicated she had exchanged Facebook messages with Tiffany Aderholt. Defendant would like a copy of any of those messages. In her response to the Motion to Compel,

Plaintiff stated she provided copies of the messages to Defendant on April 27, 2013. Accordingly, Defendant's motion to compel is moot with respect to this request.

In its Request for Production number 9, Defendant asked Plaintiff to produce "[a]ny and all documents constituting, referring, or relating to testimony you have provided under oath in any forum at any time in your life, including, but not limited to, workers' compensation and unemployment matters, depositions, trial testimony, and other sworn or unsworn declarations." (Doc. 31, p.8). In response, Plaintiff produced a disc containing a recording of her unemployment compensation hearing. Defendant contends the disc was faulty and despite requesting a working copy, Plaintiff has failed to produce one. Additionally, Defendant asks that Plaintiff be required to produce a signed and notarized authorization form from the Department of Economic Opportunity, which would allow Defendant to procure a copy of Plaintiff's entire Reemployment Assistance file, including a copy of the Reemployment Assistance Appeals hearing. In her response, Plaintiff stated that on April 27, 2013, she provided a working copy of the disc to Defendant and on April 2, 2013, she mailed a copy of the release to counsel for Defendant. Thus, Defendant's motion to compel is also moot with respect to this request.

Accordingly, after due consideration, it is

**ORDERED**:

Defendant's Motion to Compel (Doc. 30) is **GRANTED IN PART**. Plaintiff is directed to provide the supplemental responses indicated above no later than **May 17, 2013**.

**DONE** and **ORDERED** in Jacksonville, Florida this 7th day of May, 2013.

                                                                                                  MONTE C. RICHARDSON
                                                                                                  UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record